UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KEM PETERS,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>STEVEN ALTIG, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-00656-CDS-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF Nos. 1 and 3) AND COMPLAINT (ECF Nos. 3-1 and 3-2). |

Pro se plaintiff Kem Peters filed two applications to proceed in forma pauperis (IFP) (ECF Nos. 1 and 3), a proposed complaint (ECF No.1-1), and multiple amended complaints (ECF Nos. 3-1 and 3-2). I grant Peters' application to proceed in forma pauperis. ECF No. 3. I dismiss his complaint without prejudice. ECF Nos. 3-1 and 3-2.

## DISCUSSION

Peters' filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.　　Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security thereof." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C §1915(b)(1) & (2); *Taylor v. Delatoore,* 281 F.3d 844, 847 (9th Cir. 2002).

1

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Peters is currently incarcerated at Clark County Detention Center. ECF No. 3 at 3. As required by the PLRA, plaintiff filed his IFP application with his financial certificate from the Nevada Department of Prisons. *Id.* at 4. Plaintiff's affidavit states that his average monthly deposits are about $7.62, and his current balance is $0.00. *Id.* Plaintiff's application to proceed in forma pauperis is granted.

II.     **Whether Peters' Complaint States a Plausible Claim**

        a.  **Legal Standard**

Because the court grants Peters' IFP application, the court must review Peters' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(d)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." In *Ashcroft v. Iqbal*, the Supreme Court stated that in order to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662 ,680 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 547, (2007)). Federal Rules of Civil Procedure Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint will be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1992). Although Fed. R. Civ. P. 8(a) states that "[n]o technical form is required for complaints," Fed. R. Civ. P. 10(b) posits that "[a] must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. .. If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." The amended complaint must be "complete in itself, including exhibits, without reference to superseded pleading." LR 15-1.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 206 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### b. Summary and Analysis of Peters' Proposed Complaints

Peters has filed a total of three proposed complaints, including the proposed amended complaint. See case ECF Nos. 1-1, 3-1, and 3-2. In the initial complaint, Peters names the following defendants: Steven M. Altig (Altig), Deputy District Attorney Alexander Chen (Chen), private investigator Elia Johnson, Samuel Kern, Lisa Ann Arredondo, and Judge Erika Ballou (Judge Ballou). *Id.* In an effort to "decreases (*sic*) defendants," Peters' most recently amended complaint only mentions Altig, Chen, and Judge Ballou as defendants. ECF 3-2 at 1, 10. In each claim, Peters alleges an ineffective assistance of counsel under the Sixth Amendment and due process violations under the Fourteenth Amendment. *Id.* at 5.

Altig was Peters' court appointed attorney.[1] *Id.* at 10. Peters' first claim alleges that on or about August 23, 2021, and continuing through the duration of his pretrial detainment, his Sixth Amendment rights were violated because he was not afforded confidential communications with his attorney. ECF 3-2 at 5. Peters alleges that the only communications he received were recorded phone calls and recorded video visits, which hindered his trust with Altig and undermined possible defenses. ECF 3-2 at 5. Peters asserts that Altig failed to remedy this situation. *Id.*

Peters' second claim further alleges that his counsel was ineffective because Altig refused to file various pretrial motions and failed to scrutinize or present evidence that would have helped his defense. *Id.* at 6. Similarly, Peters alleges that Chen also violated Peters' Sixth Amendment rights by failing to "press the courts or CCDC" to permit confidential contact with his attorneys. *Id.* at 5. Further, Peters alleges that Chen withheld or improperly disclosed evidence that impacted his right to an effective counsel. *Id.* at 6.

---

[1] Peters refers to Altig as "Clark County District Attorney" in his complaint; however, it is likely that Altig was his appointed counsel because Peters later states that "Steven M. Altig . . . being assigned to Plaintiff Kem Peters." ECF 3-2.

Finally, Peters attached a document titled "Peters v. The State of Nevada." ECF 3-2 at 10.[2] Peters asserts that Judge Ballou acted prejudicially because she set an excessive bail and relied on false testimony and fraudulent presumptions. *Id.* at 11.

### i. Sixth Amendment Claim

Peters' primary assertion is a Sixth Amendment claim based on his counsel's alleged ineffective assistance. See generally ECF Nos. 1-1, 3-1, and 3-2. This claim is inappropriately brought before this court for two reasons. First, a Sixth Amendment right to effective assistance of counsel is not properly brought under 42 U.S.C. § 1983. *Trimble v. City of Santa Rose,* 49 F.3d 583, 585 (9th Cir. 2004) (finding that under *Heck v. Humphrey,* 512 U.S. 477 (1994), a Sixth Amendment claim of ineffective assistance of counsel is precluded under §1983). Rather, a Sixth Amendment claim regarding ineffective counsel must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

Second, in order to state a claim pursuant to 42 U.S.C. §1983, the plaintiff must plead that the defendant(s) acted "under color of state law" and "deprived the plaintiff of rights secured by the Constitution." *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). Altig, acting as Peters' appointed counsel in his criminal case, is not a state actor when the attorney's role is of an advocate. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *see also Vermont v. Brillon,* 129 S. Ct. 1283, 1291 (2009) (citing that an assigned public defender is ordinarily not considered a state actor.). Thus, Peters' claim against Altig has no basis under a Section 1983 claim.

---

[2] Peters writes "CASE NO. C-20-347530-1," titled "MOTION TO DISMISS COUNSEL." ECF 3-2 at 10. This case number refers to his state case. However, under this motion, Peters alleges judicial misconduct. ECF 3-2 at 11. Therefore, this allegation is screened along with the rest of the complaints listed in ECF 3-2.

If Peters wishes to pursue a claim of ineffective assistance of counsel, an amended complaint is not sufficient. Peters must file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[3] *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 880, 886 (9th Cir. 2004) (en banc). Section 2254 (b) – (d) outlines the various requirements an individual must exhaust before filing a Petition.

### ii. Fourteenth Amendment Claims

Peters asserts that Chen violated his due process rights by not properly disclosing evidence pursuant to NRS 174.235. *Id.* at 6. Peters alleges that Chen's improper disclosure led to Peters' inability to have an effective defense, which mirrors Peters' Sixth Amendment claim. *Id.*

Similar to Peters' claim based on ineffective counsel, his allegations of prosecutorial misconduct should be brought pursuant to 28 U.S.C. § 2254. *See Lungberg v. Scribner*, 584 F. App'x 809, 810 (9th Cir. 2014); *see also Wood v. Ryan,* 693 F.3d 1104, 1113 (9th Cir. 2012). Further, a "prosecutor is immune from a civil suit for damages" under Section 1983 when commencing and presenting the State's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Therefore, Peters' claim regarding Chen's alleged prosecutorial misconduct has no basis under Section 1983.

### iii. Claim Against Judge Ballou

Finally, Peters claims that Judge Ballou acted prejudicially. ECF 3-2 at 11. Judges are entitled to absolute judicial immunity for acts performed in their official capacity. *See In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *Id.* (citations omitted). Judicial immunity is absolute; judges are

---

[3] Peters filed a similar complaint in the past, though the complaint named a different counsel. *Peters v. Imlay*, Case No. 2:20-cv-01488-GMN-EJY (D. Nev. Sep. 9, 2020). There, Judge Youchah notified Peters that his ineffective assistance of counsel claim is not properly brought under § 1983, and § 2241 would be the proper avenue to bring that claim because Peters remained in pretrial state custody. *Id.* at 2.

insulated from "charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted).

Peters' allegations against Judge Ballou's pertain to her actions undertaken in the judicial process. Therefore, this claim should be dismissed with prejudice because Judge Ballou is entitled to absolute immunity.

### III.    Notice Regarding Duplicative Cases

As briefly noted above, Peters has filed at least two other complaints that are similar to this current claim - though he has named different appointed counsels in each claim. *See, Peters v. Imlay*, Case No. 2:20-cv-01488-GMN-EJY (D. Nev. Sep. 9, 2020); *see also*, *Peters v. Law, Peters v. Troiano*, 2:21-cv-01370-JAD-BNW (D. Nev. Jul. 22, 2021). Peters' possible remedies and to bring such claims were thoroughly explained in *Peters v. Imlay,* which was dismissed with prejudice. Case No. 2:20-cv-01488-GMN-EJY at *3. Peters should refrain from filing duplicative lawsuits alleging claims that already have been dismissed with prejudice.

ACCORDINGLY,

I ORDER that plaintiff Peters' second application to proceed in forma pauperis (ECF No. 3) is GRANTED; his first IFP application (ECF No. 1) is DENIED AS MOOT.

I FURTHER ORDER that plaintiff's complaint (ECF Nos. 3-1 and 3-2) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, July 18, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, that the Clark County Detention Center ("CCDC") must forward payments from the account of **Kem Peters #1977987** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

I FURTHER ORDER that if the plaintiff is transferred into the custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this Order to Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 16th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE